# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

In Re: T.V., B.V., D.L., C.V., & K.S.

No. 14-1048 (Jackson County 14-JA-2 through 14-JA-6)

**FILED**

May 18, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother, by counsel Lee F. Benford II, appeals the Circuit Court of Jackson County's September 17, 2014, order terminating her parental rights to T.V., B.V., D.L., C.V., and K.S. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel William P. Jones, filed its response in support of the circuit court's order. The guardian ad litem, Erica Brannon Gunn, filed a response on behalf of the children supporting the circuit court's order. Petitioner filed a supplemental appendix. On appeal, petitioner alleges that the circuit court erred in denying her motion for a post-adjudicatory improvement period, in terminating her parental rights upon erroneous findings, and in denying her motion for post-termination visitation.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In February of 2014, the DHHR filed an abuse and neglect petition alleging that the parents exposed the children to violent physical altercations.[1] Specifically, petitioner's paramour, C.S., who is the father of K.S., admitted that he and petitioner engaged in fist-fights in the children's presence and that the children got involved in these altercations. According to the petition, during the most recent physical altercation, two of the children attempted to intervene by giving petitioner a baseball bat. According to the children, C.S. took the bat from petitioner and struck her with it. The children also indicated that C.S. struck one child with a broomstick during an altercation. Thereafter, petitioner stipulated to certain allegations in the petition during an April of 2014 adjudicatory hearing. However, in June of 2014, petitioner withdrew her stipulation and the matter was set for a contested adjudicatory hearing. Also in April of 2014, petitioner underwent a psychological evaluation.

---

[1]An amended petition correcting a party name was entered on February 24, 2014. A second amended petition was later filed to include allegations against a different father.

1

In July of 2014, the circuit court held a contested adjudicatory hearing, after which it found petitioner to be an abusing parent.[2] The circuit court based this finding on several grounds, including that petitioner engaged in physical violence in the children's presence and that the children intervened in the domestic violence. The following month, the DHHR filed a motion to terminate petitioner's parental rights, and petitioner filed a motion for a post-adjudicatory improvement period. Ultimately, on August 26, 2014, the circuit court held a dispositional hearing, after which it denied petitioner's motion for a post-adjudicatory improvement period and terminated her parental rights. The circuit court subsequently held a hearing on petitioner's motion for post-termination visitation and denied the same. Petitioner appeals from the dispositional order.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's denial of petitioner's motion for a post-adjudicatory improvement period, in its findings supporting termination of her parental rights, or in its denial of her motion for post-termination visitation.

To begin, the Court finds no error in the denial of petitioner's motion for a post-adjudicatory improvement period because petitioner's failure to acknowledge the conditions of abuse and neglect in the home prevented her from obtaining one. West Virginia Code § 49-6-12(b) provides circuit courts discretion in granting post-adjudicatory improvement periods upon a showing that the parent will fully participate in the same. Further, we have previously held that

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth

---

[2]The circuit court actually adjudicated petitioner as an abusing and neglectful parent. However, West Virginia Code § 49-1-3(2) defines an abusing parent as one "whose conduct, as alleged in the petition charging child abuse or neglect, has been adjudged by the court to constitute child abuse or neglect." Because this definition encompasses parents who both abuse and neglect children, petitioner will appropriately be referred to as an "abusing parent."

of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.*, 215 W.Va. 208, 217, 599 S.E.2d 631, 640 (2004)). While petitioner argues that she did acknowledge the conditions of abuse and neglect, the record does not support this argument.

Petitioner did provide some testimony to the effect that she acknowledged her role in her children's removal; however, she "continuously minimized the domestic violence that occurred in the home, and the emotional abuse of the children" that resulted. This finding was based on substantial evidence, including evidence from Dr. Jennifer Mills, the psychologist that evaluated petitioner below. Therefore, contrary to petitioner's testimony that she accepted responsibility for the abuse in the home, she "downplayed domestic violence during her evaluation." While petitioner argues that much of the circuit court's findings were based on the uncorroborated testimony of the children, the Court notes that several of the children reported the abuse. Conversely, petitioner's testimony regarding her alleged acceptance of responsibility for the abuse was uncorroborated and the circuit court was free to make a credibility determination in weighing that evidence. *See Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997) ("[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations."). For these reasons, the circuit court did not err in denying petitioner's motion for an improvement period because petitioner failed to acknowledge the abuse inflicted upon the children.

Petitioner next argues that the circuit court erred in basing termination upon the erroneous findings that she was unable or unwilling to comply with the terms and conditions of an improvement period, and that she failed to accept responsibility for her actions. Upon our review, we find no error in the circuit court terminating petitioner's parental rights upon these findings. Specifically, these findings are directly related to the circuit court's denial of petitioner's motion for a post-adjudicatory improvement period and rely on some of the same ample evidence noted above which shows that petitioner failed to acknowledge her abuse. Thus, we find no merit in petitioner's argument in this regard.

We also find no merit in petitioner's argument that she was willing to comply with the terms and conditions of an improvement period as evidenced by her compliance with the services offered below. According to the record, petitioner's service provider testified that she had difficulty contacting petitioner and that petitioner did not follow through with assignments during the course of services. Moreover, petitioner's failure to acknowledge her abuse precluded her from truly complying with services designed to remedy the conditions of abuse in the home. As such, we find no error in the circuit court relying on these findings in reaching termination.

Finally, the Court finds that the circuit court did not err in denying petitioner's motion for post-termination visitation. While petitioner argues that her prior visitations with the children went well "for the most part" and that she had a strong bond with the children such that visitation

would be in the children's best interest, the Court does not agree. The record clearly shows that petitioner violated the visitation rules on multiple occasions, including taking the children outside of the supervisor's presence to whisper to them, and telling the children they would never see her again. The visitation supervisor also testified that petitioner tended to focus her attention on the younger children and ignore the older children during visitations. Contrary to petitioner's argument, the circuit court found that visitations went so poorly that they allowed petitioner to continue to emotionally abuse the children throughout the pendency of the proceedings. Further, Dr. Mills noted that petitioner "has a difficult time connecting with her children, and that this lack of attachment could result in negative outcomes for the children and a greater risk of maltreatment of the children."

We have previously held that

> "[w]hen parental rights are terminated due to neglect or abuse, the circuit court may nevertheless in appropriate cases consider whether continued visitation or other contact with the abusing parent is in the best interest of the child. Among other things, the circuit court should consider whether a close emotional bond has been established between parent and child and the child's wishes, if he or she is of appropriate maturity to make such request. The evidence must indicate that such visitation or continued contact would not be detrimental to the child's well being and would be in the child's best interest." Syl. Pt. 5, *In re Christina L.*, 194 W.Va. 446, 460 S.E.2d 692 (1995).

Syl. Pt. 11, In re Daniel D. 211 W.Va. 79, 562 S.E.2d 147 (2002). Here the evidence clearly showed that petitioner did not have a close emotional bond with the children and repeatedly acted inappropriately during visitations such that the children continued to endure emotional abuse. Thus, we find no error in the circuit court ruling that continued contact would not be in the children's best interest and denying petitioner's motion for post-termination visitation.

For the foregoing reasons, we find no error in the decision of the circuit court and its September 17, 2014, order is hereby affirmed.

Affirmed.

**ISSUED**: May 18, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II